UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TONY GILLESPIE,  :
 :
        Plaintiff  :
 :  NO. 3:CV-02-1033
  -vs-  :
 :  (Judge Kosik)
 :
CHRISTOPHER PALUCH,  :
 :
        Defendant  :

# **MEMORANDUM**

Before the court are plaintiff's objections[1] to the Report and Recommendation of Magistrate Judge Malachy E. Mannion dated May 6, 2005 recommending that the action against defendant Paluch be dismissed as violative of the two year statute of limitations. For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge.

## **Background**

Plaintiff, Tony Gillespie, an inmate confined at the State Correctional Institution at Mahanoy filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on June 17, 2002.[2] The only defendant remaining in this action is Christopher Paluch, a dentist at York County Prison. In his complaint, plaintiff names a "John Doe" dentist. Specifically, the plaintiff alleges that he was confined at York County Prison from November 2000 through November 2001. While at the York County Prison, plaintiff had a tooth extracted by the

---

[1] On May 25, 2005, plaintiff filed a response to defendant's motion to dismiss. In his response, plaintiff references the May 6, 2005 Report and Recommendation of the Magistrate Judge and addresses the statute of limitations issue. We will construe the filing (Document 81) as objections to the Report and Recommendation.

[2] Because the instant Report and Recommendation and objections deal with the issue of the statute of limitations, we will concentrate on the filing dates relevant to this action.

defendant, John Doe dentist. Plaintiff further alleges that after he was transferred to SCI - Mahanoy, he experienced "major gum and mouth discomfort." Plaintiff alleges that he was examined by the dentist at SCI - Mahanoy, who informed him that the dentist at York County Prison had failed to totally remove the decayed fragmented tooth and that it remained under plaintiff's gum line for approximately 365 days or longer. Additionally, plaintiff alleges that the defendant John Doe dentist failed to inquire as to the plaintiff's pre-existing health problems and that plaintiff, a diabetic, has never fully healed from the oral surgeries. Plaintiff seeks injunctive relief and damages.

An extensive procedural history occurred in this action. Following the courts adopting of the Report and Recommendation of the Magistrate Judge dismissing all defendants except the John Doe dentist defendant on the Eighth Amendment claim, the plaintiff was allowed 120 days from the date of the Order[3] to conduct discovery and to provide the court with the identity of the John Doe dentist so that service could be made upon that defendant. On March 2, 2004, approximately one month after the time for providing the name of the John Doe dentist had passed, the plaintiff provided the court with the name of the John Doe defendant, Christopher Paluch. By Order dated June 24, 2004, the Magistrate Judge entered an Order directing process issue with respect to defendant Paluch. On that day, a summons was provided to the United States Marshal for service on the defendant.

On September 13, 2004, defendant Paluch filed a motion to dismiss and brief. Plaintiff filed a letter brief in opposition to the motion.

On May 6, 2005, the Magistrate Judge issued a Report and Recommendation wherein he recommended that the motion to dismiss be granted as to the statute of limitations issue. Specifically, the Magistrate Judge discounted defendant's arguments as to the timeliness of identifying the John Doe defendant and the timeliness of service of

---

[3]See Order of Magistrate Judge dated October 1, 2003.

process. In ruling on the statute of limitations argument, the Magistrate Judge discussed the two year Pennsylvania statute of limitations and Federal Rule of Civil Procedure 15 (c)(3) which deals with relation back of amendments that change parties or add new parties. The Magistrate Judge found that there was no evidence of a sufficient nexus between defendant Paluch and the original named defendants such as to impute notice of the action on defendant Paluch, that the plaintiff's amendment did not relate back to the date of the original filing and that the action should be dismissed as violative of the applicable statute of limitations.

In his objections to the Report and Recommendation of the Magistrate Judge, plaintiff argues that the discovery rule applies in the instant action and that the statute of limitations had not expired at the time he filed his complaint. Specifically, plaintiff argues that at the time of his tooth extraction on March 6, 2001, he had no reason to believe that the extraction had not been professionally and properly performed. He argues that it was not until after his transfer to SCI - Mahanoy that he began to experience symptoms. During the time he was seeking treatment at SCI - Mahanoy, plaintiff asserts that he discovered that during the tooth extraction of March 6, 2001 by defendant Paluch, a piece of decayed tooth had been left in his jaw resulting in the symptoms he experienced. Plaintiff asserts that he did not realize the cause of his injury until April 25, 2002, the date the fragment of decayed tooth was extracted from his jaw at SCI - Mahanoy. Thus, plaintiff argues that the statute of limitations was tolled until April 25, 2002, and that it had not run at the time he identified defendant Paluch on March 2, 2004. On June 14, 2005, defendant filed a reply to plaintiff's objections. In his reply, defendant challenges the time frame set forth by plaintiff and the timeliness of the objections. On June 16, 2005, plaintiff filed a "Motion to Amend Certified Record" which contained copies of his dental records from SCI-Mahanoy.

**Discussion**

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the Report to which objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.3. Although our review is *de novo,* we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound judgment, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980).

As we indicated above, the Magistrate Judge decided that based on the statute of limitations, the above-captioned action should be dismissed. Subsequent to the filing of the Report and Recommendation, the plaintiff raised the issue of the discovery rule and filed a copy of his dental records from SCI-Mahanoy.

Case law has held that the discovery rule has been applied to claims under §1983. *See, e.g.*, Coate v. Montgomery County Kentucky, 2000 U.S.App. Lexis 27628 (6th Cir. October 27, 2000). Here, plaintiff challenges the Magistrate Judge's finding that the statute of limitations began to run at the time his tooth was extracted. He submits his dental records from SCI-Mahanoy to show that he did not know or have reason to know of his injury until he received follow-up dental treatment at SCI-Mahanoy.

Under the discovery rule, the statute of limitations period begins to run when "the plaintiff has discovered or, by exercising reasonable diligence, should have discovered (1) that he or she has been injured, and (2) that this injury has been caused by another party's conduct." Spade v. Star Bank, 2002 WL 31492258 at 8 (E.D.Pa. 2002). Moreover, the discovery rule is a narrow exception and should only be applied in limited circumstances. "The 'polestar' of the discovery rule is not the plaintiff's actual knowledge, but rather 'whether the knowledge was known, or through the exercise of diligence, knowable to [the] plaintiff.'" Bohus v. Beloff, 950 F.2d 919, 925 (3d Cir. 1991); Calle v. York Hospital, 232 F.Supp.2d 353 (M.D.Pa. 2002).

As the court pointed out in <u>Spade v. Star</u>, <u>supra</u>. at 9:

> "The discovery rule operates to delay the running of the statute of limitations if a plaintiff exercising reasonable diligence could not know that an injury occurred." <u>Charowski v. Kurtz</u>, 2000 WL 1052986, at *3 (E.D.Pa. July 31, 2000)(citing <u>Baumgart v. Keene Bldg. Prods. Corp.</u>, 542 Pa. 194, 666 A.2d 238, 241 (Pa. 1995)). "The discovery rule does not, however, delay the running of the statute of limitations if a plaintiff knows [h]e was injured but does not know the full extent of the injury." <u>Id.</u>

While the instant plaintiff argues in his objections that he did not know or have reason to know of his injury until the April 25, 2002 date when the fragment of tooth was extracted from his jaw, plaintiff admits in his complaint that he was experiencing "major gum and mouth discomfort" when he arrived at SCI-Mahoney. While the exact date plaintiff arrived at SCI-Mahanoy is unclear, plaintiff alleges in his complaint that he was incarcerated through November 13, 2001. In addition, the first indication of plaintiff receiving dental treatment at SCI-Mahanoy was February 5, 2002. Thus, we find that the plaintiff, through the exercise of due diligence, should have been able to ascertain the cause of his injury prior to April 25, 2002. Accordingly, the instant statute of limitations was not tolled by the discovery rule and we find no merit to plaintiff's objection.

Because we agree with the Magistrate Judge that the instant action should be dismissed as violative of the applicable two-year statute of limitations, we will adopt the Report and Recommendation and dismiss the instant action.[4] An appropriate Order will follow.

---

[4] We would like to note that while plaintiff in his initial filing makes a cursory reference to the conduct on the part of defendant Paluch as rising to the level of deliberate indifference, in his complaint, plaintiff refers to the defendant's conduct as negligent. Moreover, in his objections, plaintiff asserts that the extraction by defendant "had not been professionally, and properly performed." It appears that plaintiff's claim amounts to no more than a tort claim for malpractice and as such it would not be cognizable under 42 U.S.C. §1983. <u>See</u>, <u>Isenburg v. Prasse</u>, 433 F.3d 449 (3d Cir. 1970).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TONY GILLESPIE, :
:
        Plaintiff :
: NO. 3:CV-02-1033
-vs- :
: (Judge Kosik)
:
CHRISTOPHER PALUCH, :
:
        Defendant :

## **ORDER**

AND NOW, this 31st day of August, 2005, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Malachy E. Mannion dated May 6, 2005 (Doc. 80) is **ADOPTED**;

(2) The above-captioned action is **DISMISSED** as violative of the two-year statute of limitations;

(3) All outstanding motions are **DENIED** as moot; and,

(4) The Clerk of Court is directed to **CLOSE** this case and forward a copy of this Memorandum and Order to the Magistrate Judge.

                                              s/Edwin M. Kosik
                                              United States District Judge